UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MAJED MOHAMED KUZAM,

                      Petitioner,

v.

KRISTI NOEM et al.,

                      Respondents.

_____/

Case No. 1:26-cv-694

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.      Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7–8.) In an order entered on March 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 4.) Respondents filed their response on March 11, 2026, (ECF No. 5), and Petitioner filed his reply on March 16, 2026, (ECF No. 6).

## II.    Factual Background

Petitioner is a citizen of Yemen who entered the United States in March 2023. (Pet., ECF No. 1, PageID.3.) Petitioner was arrested by ICE on January 23, 2026. (*Id*., PageID.4.) Petitioner has no criminal history. (*Id*.)

On January 28, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Kuzam v. Noem (Kuzam I)*, No. 1:26-cv-321 (W.D. Mich.). In *Kuzam I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Kuzam I*, (W.D. Mich. Jan. 20, 2026), (ECF Nos. 6, 7).

On February 24, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.4.) At that hearing, "Petitioner argued that he was not a danger to the community or a flight risk because he had no criminal record, was gainfully employed, has a lease, and has many ties to his community." (*Id.*) Respondents argued that Petitioner was a flight risk because he had previously violated the requirements of his alternatives to detention program. (*Id*., PageID.5.) At the conclusion of the February 24, 2026, hearing, the immigration judge entered an order stating that "[t]he burden of proof lies with [Petitioner] to establish eligibility for bond and individuals must demonstrate they do not pose a danger or flight risk." (Immigration Judge Order, ECF No. 1-1, PageID.10.) The immigration judge then found that Petitioner "is a flight risk" and denied his request for bond. (*Id*.)

### III.     Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.     Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:     March 20, 2026                         /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge

3